NOT DESIGNATED FOR PUBLICATION

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### KA23-430

**STATE OF LOUISIANA**

**VERSUS**

**NATHANIEL CLIMES THIBEAUX**
**AKA NATHANIEL THIBEAUX**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 152,704
HONORABLE DAVID M. SMITH, JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CANDYCE G. PERRET**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Van K. Kyzar, and Candyce G. Perret, Judges.

> **APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Hon. Donald Landry
District Attorney
P.O. Box 3306
Lafayette, LA 70502
COUNSEL FOR APPELLEE:
    State of Louisiana

Annette Roach
Louisiana Appellate Project
P.O. Box 6547
Lake Charles, LA  70606-6547
(337) 436-3384
COUNSEL FOR APPELLANT:
    Nathaniel Climes Thibeaux

**PERRET, Judge.**

Defendant, Nathaniel Climes Thibeaux, was convicted by a jury on October 14, 2016, of three counts of aggravated rape, a violation of La.R.S. 14:42(A)(1), and six counts of aggravated crime against nature, a violation of La.R.S. 14:89.1(A)(2)(a). He was subsequently sentenced on December 1, 2016, for the three counts of aggravated rape to three life sentences in the Louisiana Department of Corrections, to be served concurrently, without the benefit of parole, probation, or suspension of sentence. He was also sentenced for the six counts of aggravated crime against nature to ten years on each count, to run concurrently with each other and consecutively to the sentences for aggravated rape, without the benefit of parole, probation, or suspension of sentence.

On March 28, 2017, Defendant filed an appeal. An opinion was rendered on October 11, 2017, in which this court vacated the convictions for aggravated rape, but found the evidence was sufficient to convict Defendant of forcible rape as to counts one and two and sexual battery as to count three. The court affirmed the convictions for aggravated crime against nature but vacated the sentences. The case was remanded to the trial court for resentencing on all counts. *State v. Thibeaux*, 17-293 (La.App. 3 Cir. 10/11/17), 229 So.3d 967, *writ denied*, 17-1914 (La. 2/25/19), 266 So.3d 287, *and writ denied*, 17-1909 (La. 2/25/19), 266 So.3d 288.

Defendant was resentenced on February 5, 2020. The transcript reflects that for the two counts of forcible rape he was sentenced to forty years each at hard labor, to be served concurrently, without the benefit of parole, probation, or suspension of sentence. The transcript further reflects that on the sexual battery he was sentenced to serve ten years at hard labor, to be served concurrently to the forcible rape sentences, without the benefit of parole, probation, or suspension of

sentence. The transcript also reflects that the sentences for the six counts of aggravated crime against nature were ten years at hard labor on each count, without benefit of parole, probation, or suspension of sentence. These six sentences are to be served concurrently to each other and consecutively to the first three counts.

On March 8, 2021, Defendant filed an Application for Post-Conviction Relief with a Memorandum in Support of Application for Post-Conviction Relief and a Motion to Compel Answer. The trial court denied Defendant's Application for Post-Conviction Relief on February 1, 2023.

The Defendant's appointed counsel then filed a "Motion for Appeal and Designation of Record" on February 8, 2023. An order signed on February 16, 2023, granted an appeal on behalf of the Defendant and appointed the Louisiana Appellate Project.

The record was lodged with this court on July 7, 2023, and on July 12, 2023, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not appealable. Defendant was given until August 3, 2023, to file a brief.

A "Brief on Rule to Show Cause" from Defendant's appointed attorney was received on July 31, 2023. The brief stated in part: "The proper review of the denial of an application for post-conviction relief is by invoking the court's supervisory jurisdiction. Thus, the appeal in the present case was improper." The Defendant's appointed attorney further requested "[t]hat the court allow Nathaniel Thibeaux a period of thirty days from the date of the court's decision in this case to complete and file a timely application for writ of review."

Accordingly, the appeal is dismissed. Defendant may seek supervisory writs within thirty (30) days of the date of this decision. Defendant is not required to file

2

a notice of intent to seek writs nor must he obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4–3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.